UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CROSSFIT, INC.,<br><br>                            Plaintiff,<br><br>v.<br><br>MATRIX SOLUTIONS, LLC et al.,<br><br>                          Defendants. | Case No.: 19-CV-887-CAB-BLM<br><br>**ORDER GRANTING DEFENDANT DAGOBAH, LLC'S MOTION TO DISMISS**<br><br>[Doc. No. 35] |

This matter comes before the Court on Defendant Dagobah, LLC's ("Dagobah") motion to dismiss for lack of jurisdiction. [Doc. No. 35.] The motion has been fully briefed, and the Court finds it suitable for determination on the papers submitted and without oral argument. *See* S.D. Cal. CivLR 7.1(d)(1). For the reasons set forth below, Dagobah's motion is granted.

**I.    BACKGROUND**

On May 10, 2019, Plaintiff CrossFit, Inc. filed its complaint for breach of contract and trademark infringement against Defendants Matrix Solutions, LLC, Progenex Holdings, LLC, Fitness Trade sp. z o.o, Fitness Trade sp. z o.o sp. k., and ABC Corp. [Doc. No. 1.] On December 2, 2019, Plaintiff filed a First Amended Complaint ("FAC") joining as Defendants The Conclave, LLC and Dagobah, LLC. [Doc. No. 28.]

1

The FAC alleges that Matrix Solutions, LLC, Progenex Holdings, LLC, The Conclave, LLC, and Dagobah, LLC, all Wyoming limited liability companies with a principal place of business in Utah, are collectively doing business as "Progenex." [*Id.* at ¶ 10.[1]] Plaintiff alleges breach of contract and unauthorized use of Plaintiff's intellectual property and brand in a manner confusing to the public. [*Id.* at ¶ 1.]

The FAC alleges the Court has personal jurisdiction over Dagobah because it has purposefully directed branding and other activities toward Plaintiff in California and is jointly responsible for Progenex's activities which are purposefully directed to California. [*Id.* at ¶ 21.] The FAC also alleges that Dagobah is closely affiliated with or an alter ego of Matrix Solutions and the several Progenex entities are all alter egos of one another. [*Id.* at ¶¶ 9, 14.] The FAC mentions Ryan Page only once, as CEO of Defendant Matrix Solutions, in relation to his response to Plaintiff's demand letter from July 2017. [*Id.* at ¶ 118.]

On January 17, 2020, Dagobah moved to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. [Doc. No. 35.]

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) allows a district court to dismiss an action for lack of personal jurisdiction. "Where defendants move to dismiss a complaint for lack of personal jurisdiction, plaintiffs bear the burden of demonstrating that jurisdiction is appropriate." *Dole Foods Co. Inc. v. Watts,* 303 F. 3d 1104, 1108 (9th Cir. 2002). "The court may consider evidence presented in affidavits to assist in its determination and may order discovery on the jurisdictional issues." *Doe v. Unocal Corp.,* 248 F.3d 915, 922 (9th Cir. 2011) (citing *Data Disc, Inc. v. Sys. Tech. Ass'n, Inc.,* 557 F.2d 1280 (9th Cir. 1977)).

A court's power to exercise personal jurisdiction over a non-resident defendant is limited by two independent constraints, namely the applicable state personal jurisdiction

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

statute and the constitutional principles of due process. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990); *see also In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013) ("[p]ersonal jurisdiction over a nonresident defendant is proper if permitted by a state's long-arm statute and if the exercise of that jurisdiction does not violate federal due process."). "Under California's long-arm statute, California state courts may exercise personal jurisdiction 'on any basis not inconsistent with the Constitution of this state or of the United States.'" *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (quoting Cal. Civ. Proc. Code Ann. § 410.10 (West 2004)). Thus, "the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-801 (9th Cir. 2004)).

Under the Due Process Clause of the Fourteenth Amendment, to exercise personal jurisdiction over an out-of-state defendant, the defendant must have "certain minimum contacts with [the State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations omitted)). This minimum contacts jurisdiction may be either "general or all-purpose jurisdiction," or "specific or case-linked jurisdiction." *Id.* at 919 (citing *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 (1984)). "The strength of contacts required depends on which of the two categories of personal jurisdiction a litigant invokes: specific jurisdiction or general jurisdiction." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015).

### III. DISCUSSION

Dagobah contends it is a Wyoming limited liability company that does not conduct business in California to be subject to general jurisdiction in this Court. Dagobah also denies that it has availed itself of the benefits of the laws of California and states it has no contacts with California to support a finding of specific jurisdiction. Dagobah avers it is only a holding company and has never sold any products or provided any services anywhere.

3

Plaintiff argues Dagobah has sufficient minimum contacts with California to support specific jurisdiction and suggests there may be general jurisdiction because Dagobah is an unincorporated association and California may be its home. Primarily, Plaintiff contends that Dagobah is closely affiliated with or an alter ego of Defendant Matrix Solutions and the "Progenex" enterprise, such that Dagobah should also be responsible for the past and ongoing trademark infringement by Progenex in California.

### A. General Jurisdiction

"A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different State." *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773, 1780 (2017) (emphasis in original) (citing *Goodyear*, 564 U.S. at 919). "But 'only a limited set of affiliations with a forum will render a defendant amenable to' general jurisdiction in that State." *Id.* (quoting *Daimler*, 571 U.S. at 137). "Because the assertion of judicial authority over a defendant is much broader in the case of general jurisdiction than specific jurisdiction, a plaintiff invoking general jurisdiction must meet an 'exacting standard' for the minimum contacts required." *Ranza*, 793 F.3d at 1069 (citing *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1074 (9th Cir. 2011)). "'[G]eneral jurisdiction requires affiliations so continuous and systematic as to render the foreign corporation essentially at home in the forum State, i.e., comparable to a domestic enterprise in that State.'" *Id.* (quoting *Daimler*, 571 U.S. at 133 n.11). "Such contacts must be 'constant and pervasive.'" *Id.* (citing *Daimler*, 571 U.S. at 122). "The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business." *Id.* (citing *Daimler*, 571 U.S. at 137). "Only in an 'exceptional case' will general jurisdiction be available anywhere else." *Id.* (some internal quotation marks omitted) (quoting *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014)). Limited liability companies are considered citizens of each state where its owners or members are residents. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Plaintiff's argument for general jurisdiction involves Dagobah's possible citizenship in California because it is a limited liability company. [Doc. No. 41 at 25.] Plaintiff points out that Dagobah only states that its sole member is a private trust established under, and governed by, the laws of Utah, but Dagobah failed to identify the citizenship of any trustee. The citizenship of a traditional trust is the citizenship of its trustee or trustees. *See Demarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1229 (9th Cir. 2019). In response to the Court's order for a supplemental declaration on this issue, Dagobah declared the private trust has two trustees, Ryan and Lindsay Page, both citizens of Utah. [Doc. No. 45.] Dagobah is a Wyoming limited liability company with its principal place of business in Wyoming. Dagobah's sole member is a private trust established under the laws of Utah with two trustees who are both citizens of Utah. Plaintiff's suggestion that the Court has general jurisdiction because Dagobah might be a citizen of California is therefore unsupported. Besides its argument under the alter ego theory, which is discussed further below, Plaintiff does not assert any additional reason to adequately invoke general jurisdiction. Accordingly, the Court does not find that Dagobah has any affiliations with California that are so continuous and systematic to invoke general jurisdiction over Dagobah.

### B. Specific Jurisdiction

The Ninth Circuit applies a three-part test to determine whether a district court can exercise specific personal jurisdiction over a nonresident defendant:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws (the "purposeful availment" requirement);

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

|   | (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable. |

*Schwarzenegger*, 374 F.3d at 802 (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Id*. "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id*. (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

### a. Purposeful Availment

Plaintiff contends that because liability here sounds in tort, the "purposeful direction" analysis derived from *Calder v. Jones,* 465 U.S. 783 (1984), is appropriate. A defendant purposefully directed his activities at the forum if he: "1) committed an intentional act; 2) expressly aimed at the forum state; 3) causing harm that the defendant knows is likely to be suffered in the forum state." *Picot v. Weston,* 780 F.3d 1206, 1214 (9th Cir. 2015) (internal citation omitted). The Supreme Court has cautioned that "the plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). "Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.* As the Court explained, "[r]egardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only in so far as it shows that the defendant has formed a contact with the forum state. The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* at 290.

Here, Plaintiff has failed to demonstrate that Dagobah committed any intentional act expressly aimed at California. Plaintiff argues that Dagobah provides CEO services to Progenex through Ryan Page which supports personal jurisdiction. The Court is not convinced that even if true, this forms the necessary connection with Dagobah and California. Dagobah providing CEO services to Progenex, without any other intentional act on the part of Dagobah, does not result in a meaningful connection between *Dagobah*

and California. Moreover, Plaintiff's argument is largely based on allegations without factual support. To support a meaningful connection between Dagobah and California through some type of complex scheme as Plaintiff suggests would require sufficient factual support beyond mere allegations. The Court is also not convinced by Plaintiff's assertion that Dagobah's ongoing participation in a California JAMS arbitration is a sufficient contact to establish personal jurisdiction. Plaintiff states that Dagobah was named as a defendant in the arbitration action. The Court does not find that Dagobah choosing to defend itself and assert counterclaims in the arbitration action equates to deliberately engaging in significant activities in California. In the absence of reliable evidence to the contrary, Dagobah has not purposefully directed its activities to California.

In light of the above, the Court concludes that Dagobah's actions do not connect it with California in a way sufficient to support the assertion of personal jurisdiction over it. Accordingly, because Plaintiff has failed to establish that Dagobah purposefully availed itself of the privilege of conducting activities in California, the Court need not address whether the claim arises out of or resulted from Dagobah's forum related activities or whether the exercise of jurisdiction would be reasonable. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (concluding that because plaintiff's claim failed the first prong of the minimum contacts test "we need not address whether the claim arose out of or resulted from Caddy's forum-related activities or whether an exercise of jurisdiction is reasonable per the factors outlined by the Supreme Court in *Burger King Corp.*, 471 U.S. 462, 476-77 [] (1985)."); *Attilio Giustio Leombruni S.p.A v. Lsil & Co., Inc.,* Case No. CV 15-002128 BRO (Ex), 2015 WL 12743878, at * 10 (C.D. Cal. May 29, 2015) (declining to address the reasonableness of exercising jurisdiction where plaintiff failed to demonstrate purposeful availment).

### C. Alter Ego Theory

Plaintiff primarily argues that jurisdiction is proper under an alter ego theory. Plaintiff contends that Dagobah is an alter ego of the Progenex enterprise which consists of the other defendant entities, Matrix Solutions, Progenex Holdings, and The Conclave.

Essentially, Plaintiff alleges that Ryan Page has orchestrated some type of tax-evasion scheme where Dagobah is controlling both the CEO and managing member, himself, of the other Progenex entities and Progenex is using Dagobah to concentrate its assets while leaving the liabilities to the remaining defaulted defendant entities.

The Court finds Plaintiff's alter ego theory is unsupported. Plaintiff has not provided any concrete evidence that Ryan Page is concentrating the assets of Progenex using Dagobah or that Dagobah is directly involved with any of the actions of the other entities. As stated previously, Plaintiff's argument is based largely on unsubstantiated allegations and speculation, which are insufficient as a matter of law to support a finding of alter ego. *See Davis v. Metro Prods. Inc.*, 885 F.2d 515, 520 (9th Cir. 1989) ("Because the corporate form serves as a shield for the individuals involved for purposes of liability as well as jurisdiction, many courts search for reasons to 'pierce the corporate veil' in jurisdictional contexts parallel to those in liability contexts."). *See also Katzir's Floor & Home Design, Inc. v. M-MILS.com.*, 394 F.3d 1143, 1149 (9th Cir. 2004) (holding "mere fact of sole ownership and control does not eviscerate the separate corporate identity that is the foundation of corporate law," noting, "[e]ven if the sole shareholder is entitled to all of the corporation's profits, and dominated and controlled the corporation, that fact is insufficient by itself to make the shareholder personally liable"); *Leek v. Cooper,* 194 Cal. App. 4th 399, 414 (2011) (finding an "allegation that a person who owns all of the corporate stock and makes all of the management decisions is insufficient to cause the court to disregard the corporate entity."). As a result, the Court cannot assert jurisdiction over Dagobah simply because of its association with Progenex and Ryan Page. *See Davis,* 885 F.2d at 520 ("mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction.").

### D. Jurisdictional Discovery

Plaintiff requests that should the Court be inclined to grant Dagobah's motion, it should stay ruling on the motion to allow Plaintiff to conduct jurisdictional diversity otherwise it would cause substantial prejudice.

"[T]he question of whether to allow discovery is generally within the discretion of the trial judge." *Am. W. Airlines, Inc. v. GPA Grp., Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989). A decision "to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (internal citations omitted). While "purely speculative allegations of attenuated jurisdictional contacts" are insufficient to warrant jurisdictional discovery, *Getz v. Boeing Co.*, 654 F.3d 852, 860 (9th Cir. 2011), "discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub*, 342 F.3d at 1093 (citing *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir.1986); *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008)).

The Court finds that Plaintiff has not met its burden of demonstrating that there are "pertinent facts" that are controverted or needing a more satisfactory showing in order to determine the issue of jurisdiction over Dagobah nor has Plaintiff clearly shown any "actual or substantial prejudice" would result by denying discovery as Dagobah will be dismissed without prejudice in this action. Accordingly, Plaintiff's request for jurisdictional discovery is **DENIED.**

## IV. CONCLUSION

For the reasons set forth above, Dagobah's motion to dismiss for lack of personal jurisdiction is **GRANTED**. Accordingly, Plaintiff's claims against Dagobah, LLC are **DISMISSED without prejudice** to refiling in a court that has personal jurisdiction over Dagobah, LLC.

It is **SO ORDERED**.

Dated: February 28, 2020

Hon. Cathy Ann Bencivengo
United States District Judge