UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CrossFit, Inc., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>Matrix Solutions, LLC d/b/a Progenex, a Wyoming limited liability company, et al.,<br><br>Defendants. | Case No.: 19-CV-00887-CAB-BLM<br><br>**ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>[Doc. Nos. 64, 68] |

This matter is before the Court on a motion to dismiss for lack of personal jurisdiction filed by Defendants Fitness Trade sp. z o.o. and Fitness Trade sp. z o.o. sp. k. (together, the "Fitness Trade Defendants"). The motion is fully briefed, and the Court deems it suitable for submission without oral argument. As discussed below, the motion is granted, and the claims against the Fitness Trade Defendants are dismissed for lack of personal jurisdiction.

**I.   Background**

On May 10, 2019, Plaintiff CrossFit, Inc. ("CrossFit") filed this lawsuit against Defendants Matrix Solutions, LLC ("Matrix"); Progenex Holdings, LLC ("Holdings"); the Fitness Trade Defendants, which are a Polish limited liability company and a Polish limited

partnership, respectively;[1] and ABC Corp. [Doc. No. 1.] The original complaint asserts claims for breach of contract, breach of the covenant of good faith and fair dealing, trademark infringement, unfair competition, "passing off" under United Kingdom common law, and unjust enrichment. [Doc. No. 1.] On December 2, 2019, CrossFit filed the operative First Amended Complaint ("FAC"), adding Defendants Michal Slisinski, an individual ("Slisinski"); The Conclave, LLC ("Conclave"); and Dagobah, LLC ("Dagobah"). [Doc. No. 28.] The FAC made few unique factual allegations against these new defendants. Instead, the FAC simply defined all of the defendants together as "Progenex" based on a conclusory allegation that they were acting "as a partnership, a joint venture, and/or alter egos of one another." [*Id.* at ¶ 14.] Counsel for Matrix and Holdings subsequently withdrew without a replacement [Doc. No. 32], and defendant Conclave failed to respond to the FAC, resulting in the eventual entry of default judgment against defendants Matrix, Holdings, and Conclave. [Doc. No. 54.] On February 28, 2020, the Court granted Dagobah's motion to dismiss for lack of personal jurisdiction. [Doc. No. 48.]

The Fitness Trade Defendants and Mr. Slisinski are now the only remaining defendants in this matter. After receiving several lengthy extensions from the Court, CrossFit contends that it finally served the summons and FAC on the Fitness Trade Defendants via the Hague Convention on June 29, 2020. [Doc. No. 63.] CrossFit has yet to serve Mr. Slisinski. On September 17, 2020, the Fitness Trade Defendants filed the present motion to dismiss for lack of personal jurisdiction, which is now fully briefed and ripe for resolution. [Doc. No. 64.]

**II.  Legal Standards**

Federal Rule of Civil Procedure 12(b)(2) allows a district court to dismiss an action for lack of personal jurisdiction. "Where defendants move to dismiss a complaint for lack

---

[1] According to the Complaint, Fitness Trade sp. z o.o. is a Polish limited liability company, and Fitness Trade sp. z o.o. sp. k. is a Polish limited partnership. [Doc. No. 1 at ¶¶ 5-6.]

of personal jurisdiction, plaintiffs bear the burden of demonstrating that jurisdiction is appropriate." *Dole Foods Co. Inc. v. Watts,* 303 F. 3d 1104, 1108 (9th Cir. 2002). "The court may consider evidence presented in affidavits to assist in its determination and may order discovery on the jurisdictional issues." *Doe v. Unocal Corp.,* 248 F.3d 915, 922 (9th Cir. 2011) (citing *Data Disc, Inc. v. Sys. Tech. Ass'n, Inc.,* 557 F.2d 1280 (9th Cir. 1977)).

A court's power to exercise personal jurisdiction over a nonresident defendant is limited by two independent constraints, namely the applicable state personal jurisdiction statute and the constitutional principles of due process. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990); *see also In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013) ("[p]ersonal jurisdiction over a nonresident defendant is proper if permitted by a state's long-arm statute and if the exercise of that jurisdiction does not violate federal due process."). "Under California's long-arm statute, California state courts may exercise personal jurisdiction 'on any basis not inconsistent with the Constitution of this state or of the United States.'" *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (quoting Cal. Civ. Proc. Code Ann. § 410.10 (West 2004)). Thus, "the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-801 (9th Cir. 2004)).

Under the Due Process Clause of the Fourteenth Amendment, to exercise personal jurisdiction over an out-of-state defendant, the defendant must have "certain minimum contacts with [the State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations omitted)). This minimum contacts jurisdiction may be either "general or all-purpose jurisdiction," or "specific or case-linked jurisdiction." *Id.* at 919 (citing *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 (1984)). "The strength of contacts required depends on which of the two categories of personal jurisdiction a litigant invokes: specific jurisdiction or general jurisdiction." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015).

Here, because the motion to dismiss for lack of jurisdiction is based on affidavits and documents, CrossFit is required to make a prima facie showing that the Fitness Trade Defendants are subject to personal jurisdiction in California. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). The uncontroverted allegations in the complaint must be taken as true and factual conflicts must be resolved in CrossFit's favor. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). In order to survive the motion to dismiss, CrossFit must show that the Fitness Trade Defendants have minimum contacts with the forum state as will allow exercise of personal jurisdiction over it, but "bare formulaic accusations" that a defendant maintains sufficient contacts with California are inadequate. *Schwarzenegger*, 374 F.3d at 800.

### III. Discussion

#### A. General Jurisdiction

"A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different State." *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773, 1780 (2017) (emphasis in original) (citing *Goodyear*, 564 U.S. at 919). "But 'only a limited set of affiliations with a forum will render a defendant amenable to' general jurisdiction in that State." *Id.* (quoting *Daimler*, 571 U.S. at 137). General jurisdiction over a corporate defendant is warranted when the defendant's "continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe*, 326 U.S. at 318. The "paradigm forum" for exercising general jurisdiction over a corporation is the state(s) where the corporation "is fairly regarded as at home," i.e. in the state of its incorporation and the state of its principal place of business. *Goodyear*, 564 U.S. at 924. For foreign corporations, a court may assert its general jurisdiction "when [the corporation's] affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* at 919 (quoting *Int'l Shoe*, 326 U.S. at 316).

There is no dispute that the Fitness Trade Defendants are Polish entities with their principal places of business in Poland, and therefore are "fairly regarded as at home" in Poland. *Id.* at 924. Further, CrossFit has not asserted, and this Court does not find, that the Fitness Trade Defendants have any continuous and systematic affiliations with California that would render them "essentially at home" in this state. *Id.* at 919; *see also Mavrix*, 647 F.3d at 1225 (finding no general jurisdiction where the defendant "has no offices or staff in California, is not registered to do business in the state, has no registered agent for service of process, and pays no state taxes"). Accordingly, the Court finds that general jurisdiction over the Fitness Trade Defendants is not warranted.

### B. Specific Personal Jurisdiction Under Federal Rule of Civil Procedure 4(k)(1)(A)

As stated above, the parties do not dispute that the Fitness Trade Defendants are Polish entities with their principal places of business in Poland. Nevertheless, the FAC alleges, and CrossFit argues in its opposition, that this Court has specific personal jurisdiction over the Fitness Trade Defendants under Federal Rule of Civil Procedure 4(k)(1)(A). The Ninth Circuit applies a three-part test to determine whether a district court can exercise specific personal jurisdiction over a nonresident defendant:

> (1) The nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws (the "purposeful availment" requirement);
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Id.* "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to

5

the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id*. (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

The first prong of the Ninth Circuit test for specific jurisdiction requires CrossFit to show that the Fitness Trade Defendants either "purposefully direct[ed] [their] activities toward the forum, or purposefully avail[ed] [themselves] of the privilege of conducting activities in the forum." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017). However, "the exact form of our jurisdictional inquiry depends on the nature of the claim at issue." *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015). For claims deriving in tort, the Court asks whether the defendant has purposefully directed its actions at the forum state, even if those actions took place elsewhere. *Id*. For claims deriving in contract, the Court applies a purposeful availment analysis, asking whether the defendant purposefully availed itself of the privilege of doing business in the forum state. *Id.* (quoting *Schwarzenegger*, 374 F.3d at 802).

Here, CrossFit has brought various claims against the Fitness Trade Defendants deriving in both tort ("passing off" under United Kingdom common law) and contract (breach of contract and breach of implied covenant of good faith and fair dealing). Therefore, the Court analyzes both the purposeful direction and purposeful availment approaches in turn.

### i. Purposeful Direction

In conducting a purposeful direction analysis when allegedly tortious conduct occurs outside the forum, this circuit applies the "effects" test as articulated in *Calder v. Jones*, 465 U.S. 783 (1984). Under this test, "the defendant must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom*, 874 F.3d at 1069.

CrossFit's only remaining tort claim in this case, brought against Fitness Trade and Slisinski, is for "passing off under UK common law." [Doc. No. 28 at ¶¶ 234-243.] In the

FAC, CrossFit alleges that "Progenex"—not Fitness Trade[2]—made misrepresentations with respect to its "Fittest on Earth Pack" product offered for sale on <www.progenexfit.com>. [*Id.* at ¶ 236.] However, CrossFit admits that the product was offered directly to "residents of the UK," and that the <www.progenexfit.com> e-commerce website only ships to "Iceland, Norway, Switzerland, and [other] European Union countries." [*Id.* at ¶ 237.] By CrossFit's own contention, the intentional act at issue under this claim was not expressly aimed at the forum state, but rather obviously aimed at the United Kingdom and the European Union. Therefore, CrossFit's only tort claim is brought under foreign law, based entirely on conduct that occurred outside of the United States, directed solely at foreign consumers. Any argument by CrossFit that this conduct constitutes express aiming at the forum state is entirely unfounded and frivolous.

In its opposition, CrossFit lists dozens more actions allegedly taken by the Fitness Trade Defendants (specifically "79 statements of fact," as CrossFit notes) that it argues constitute purposeful direction at the state of California. [Doc. No. 67 at p. 22.] However, not one of these alleged contacts relates to the only remaining tort claim in this case, the claim for "passing off under U.K. common law." CrossFit vaguely states that its "infringement" claims arise out of Fitness Trade's alleged contacts, but no claims of trademark infringement remain at issue in this case and against these defendants. [Doc. No. 67 at p. 25.] CrossFit recently had another case against the Fitness Trade Defendants before this Court, *CrossFit, Inc. v. Paleoethics, Inc.*, No. 18-CV-2903-CAB-BLM (S.D. Cal. filed Dec. 28, 2018), and CrossFit repeats many of its arguments here for why exercising jurisdiction over the Fitness Trade Defendants is warranted. However, the Court already issued an opinion in the parties' other case rejecting those arguments. *CrossFit,*

---

[2] Throughout its briefing, CrossFit refers to all defendants interchangeably as "Progenex," though defendant Progenex Holdings, LLC is no longer a party to this case. Nevertheless, another defendant's actions cannot serve as the basis for exercising personal jurisdiction over the Fitness Trade Defendants; rather, "jurisdiction over each defendant must be established individually." *Sher*, 911 F.2d at 1365. Thus any actions allegedly taken by "Progenex" will not be attributed to the Fitness Trade Defendants for purposes of this Court's jurisdictional analysis.

*Inc. v. Paleoethics, Inc.*, Doc. No. 74, No. 18-CV-2903-CAB-BLM, at *6-13 (S.D. Cal. Nov. 2, 2020). CrossFit has failed to allege any additional contacts between Fitness Trade and California that would change the outcome in this matter. Accordingly, the Court finds that purposeful direction is not met, and exercising personal jurisdiction over the Fitness Trade Defendants with regards to CrossFit's "passing off" claim is unwarranted.

### ii. Purposeful Availment

When conducting a "purposeful availment" analysis in cases deriving in contract, the Court asks whether the defendant purposefully availed itself of the privilege of doing business in the forum state. *Schwarzenegger*, 374 F.3d at 802. Such a showing "typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Id*. The defendant must have "performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) (internal quotations omitted). In return for availing itself of the benefits and protections of the forum state's laws, "a defendant must—as a quid pro quo—'submit to the burdens of litigation in that forum.'" *Schwarzenegger*, 374 F.3d at 802 (quoting *Burger King*, 471 U.S. at 476).

CrossFit does not explicitly address the concept of purposeful availment, instead focusing its argument on whether purposeful direction is met. Nevertheless, some of CrossFit's arguments for finding specific jurisdiction are more properly analyzed under a purposeful availment framework.[3] CrossFit argues that the Fitness Trade Defendants purposefully availed themselves of California law by "knowingly exploit[ing] an official

---

[3] Insofar as CrossFit repeats its arguments from its other case against Fitness Trade before this Court (*CrossFit, Inc. v. Paleoethics, Inc.*, No. 18-CV-2903-CAB-BLM (S.D. Cal. filed Dec. 28, 2018)), i.e. that Fitness Trade purposefully availed itself of the privilege of doing business in California by contracting with Namecheap, Inc. and Facebook, Inc., the Court's analysis applies with equal force here. *CrossFit, Inc. v. Paleoethics, Inc.*, Doc. No. 74, No. 18-CV-2903-CAB-BLM, at *13-16 (S.D. Cal. Nov. 2, 2020). CrossFit has not alleged any additional facts in the present case that would affect the Court's reasoning on this issue. The Court therefore rejects that Fitness Trade's contracts with Namecheap and Facebook constitute purposeful availment.

Sponsorship Agreement" between Matrix and CrossFit, and by having "the benefits and duties" of Matrix and CrossFit's Termination Agreement assigned to them. [Doc. No. 67 at p. 26.] By obtaining the benefits of these agreements,[4] CrossFit contends that Fitness Trade became bound to the choice of law and forum selection clauses contained in each of them, and therefore consented to personal jurisdiction in California.

"Under general contract principles, a forum selection clause may give rise to waiver of objections to personal jurisdiction . . . provided that the defendant agrees to be so bound." *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 458 (9th Cir. 2007); *see also Burger King*, 471 U.S. at 472 n.14 (recognizing that "the personal jurisdiction requirement is a waivable right" subject to "express or implied consent to the personal jurisdiction of the court," and that "where such forum-selection provisions have been obtained through 'freely negotiated' agreements and are not 'unreasonable and unjust,' their enforcement does not offend due process" (internal citations omitted)). Generally, only parties to a contract are bound by its terms. *See EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002). However, even non-signatories may be bound by a forum selection clause and thereby waive objections to personal jurisdiction, so long as "the alleged conduct of the nonparties is closely related to the contractual relationship" and they agree to be so bound. *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988) (noting that a "range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses" (internal citations omitted)); *see also Holland*, 485 F.3d at 458.

Beyond its conclusory statement that Fitness Trade's conduct "[gave] rise to at least a reasonable inference that [it] 'agreed to be so bound,' whether expressly or impliedly," CrossFit has presented no evidence that Fitness Trade ever agreed to be bound by the two

---

[4] The contractual clauses that CrossFit relies on to confer jurisdiction over the Fitness Trade Defendants are contained in (1) the Sponsorship Agreement between Matrix and CrossFit (stating that the agreement will be "governed by and construed under the laws of the State of California") [Doc. No. 67-3 at p. 18], and (2) the "Termination Agreement" between Matrix and CrossFit (establishing "exclusive jurisdiction and venue in the Superior Court of California, in and for the County of San Diego") [*Id.* at p. 24].

contracts at issue. [Doc. No. 67 at p. 27.] From a cursory review of the two documents, it is obvious that the Fitness Trade Defendants are not parties to either contract. The agreements were entered into by CrossFit and Matrix ("d/b/a Progenex"), another defendant in this case. Any attempt to group the Fitness Trade Defendants in with other defendants as a single entity called "Progenex" has already been rejected by this Court. CrossFit also argues that Fitness Trade's agreement to be bound is evidenced by the fact that CrossFit "expressly communicated with Fitness Trade about the Sponsorship Agreement and Termination Agreement when Fitness Trade was breaching them in 2017-2018." [*Id.* at p. 13.] Although CrossFit contends that its counsel sent several "formal infringement notices" to Fitness Trade (initially forwarded from Ryan Page, CEO of Progenex USA, to Faruk Hejazi via email), it admits that it never received a verbal or written response from Mr. Hejazi or Fitness Trade. [*Id.* at p. 12.] Such unilateral communications are far from compelling evidence that Fitness Trade agreed to be bound by either agreement. Finally, CrossFit argues that Fitness Trade did not rebut the allegation in the FAC that it was bound by these agreements, so it therefore must be bound. On the contrary, Fitness Trade did rebut such allegations in their briefing for this motion. In their moving papers, the Fitness Trade Defendants explicitly state that they are not "employees, agents, servants, successors, franchisees, licensees, assigns, or affiliates" of Matrix and are not parties to the Sponsorship Agreement. [Doc. No. 64-1 at ¶¶ 15-17.] Fitness Trade also points out that "Fitness Trade 1 had not existed until March 1, 2017, and Fitness Trade 2 [had not existed until] January 9, 2018—well after the execution of the Sponsorship Agreement, the First Amendment thereof, and the Termination Agreement." [Doc. No. 69 at p. 3.]

    CrossFit further argues that Fitness Trade acted as an "agent" of Matrix, and was thereby bound by the Termination Agreement's terms. [Doc. No. 67 at p. 27.] "To establish jurisdiction under an agency theory, it must be shown that a party acted as an agent for the purpose of consenting to litigation in the selected forum." *Pinnacle Fitness and Recreation Mgmt. LLC v. Jerry and Vickie Moyes Fam. Tr.*, No. 08-CV-1368 H(BGS),

2010 WL 5141686, at *2 (S.D. Cal. Dec. 13, 2010). The Fitness Trade Defendants expressly deny that they are agents of Matrix. [Doc. No. 64-1 at ¶ 17.] Nevertheless, in order for CrossFit to establish jurisdiction over Fitness Trade under an agency theory, the allegation would need to be the reverse—that Matrix, as the signatory, was an agent for the Fitness Trade Defendants. *See Holland*, 485 F.3d at 458 (holding that, in order to have personal jurisdiction over a non-signatory defendant, the court would need to find that the signatory entity that actually consented to the forum selection clause acted as an agent for the non-signatory). CrossFit has not met its burden of showing that such an agency relationship existed between Fitness Trade and Matrix, beyond its bare accusation that Fitness Trade "fits into the category of an 'agent'" for Matrix. [Doc. No. 67 at p. 27.]

CrossFit alternatively argues that if Fitness Trade was not acting as Matrix's agent, it was an "assign" of the Termination Agreement, or at least "treated itself as though it were a third-party beneficiary" and therefore should be bound by the contract. [*Id.* at pp. 27-28.] As discussed above, an assignee or third-party beneficiary may "benefit from and be subject to forum selection clauses," particularly where the non-party's conduct is "closely related to the contractual relationship." *Manetti-Farrow*, 858 F.2d at 514 n.5. However, there is no evidence that either of the Fitness Trade Defendants were an assignee or third-party beneficiary of the Termination Agreement, nor that their conduct was closely related to the contractual relationship between Matrix and CrossFit. First, CrossFit's conclusory allegation that Fitness Trade "voluntarily assumed (for its own obvious benefit) the identity of [Matrix] under the Sponsorship Agreement" is not sufficient to establish that Fitness Trade was an assignee or third-party beneficiary thereof. [Doc. No. 67 at p. 28.] Second, Fitness Trade has acknowledged that its limited partnership "created, owns and manages" <www.progenexfit.com> to sell Progenex branded products in Europe [Doc. No. 64-1 at ¶ 10], but contends that the limited partnership did not come into existence until 2018. [Doc. No. 69-2 at ¶ 6.] Both the Sponsorship Agreement and related Termination Agreement were signed several years prior. [Doc. No. 67-3 at pp. 12, 27.] It is a far stretch to say that Fitness Trade's conduct in operating the Progenex brand's European e-

commerce website is "closely related" to a contractual relationship that was created and terminated before Fitness Trade was even formed.

In sum, CrossFit has failed to demonstrate either purposeful direction or purposeful availment. Because CrossFit has not satisfied the first part of the test for specific personal jurisdiction, the Court need not address whether CrossFit's claims arise out of or relate to the Fitness Trade Defendants' forum-related activities or whether the exercise of jurisdiction would be reasonable. *See Pebble Beach*, 453 F.3d at 1155 (concluding that because plaintiff's claim failed the first prong of the minimum contacts test "we need not address whether the claim arose out of or resulted from Caddy's forum-related activities or whether an exercise of jurisdiction is reasonable per the factors outlined by the Supreme Court in *Burger King Corp.*, 471 U.S. 462, 476-77 [] (1985)"); *Attilio Giustio Leombruni S.p.A v. Lsil & Co., Inc.,* Case No. CV 15-002128 BRO (Ex), 2015 WL 12743878, at *10 (C.D. Cal. May 29, 2015) (declining to address the reasonableness of exercising jurisdiction where plaintiff failed to demonstrate purposeful availment).

Nevertheless, the Court would conclude that CrossFit also fails to satisfy the second and third prongs of the minimum contacts test. CrossFit has not shown that its claims arise out of or relate to Fitness Trade's forum-related activities, and the Court finds that the "balance of factors supports the conclusion that exercising jurisdiction over [the Fitness Trade Defendants] would be unreasonable." *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1212 n.9 (9th Cir. 2020). For its "passing off" claim, CrossFit has not established that Fitness Trade purposefully directed its conduct toward the forum state. As discussed above, CrossFit's tort claim alleges wrongdoing occurring outside the country, in violation of foreign law, directed toward foreign consumers. Thus, CrossFit's claims that infringement occurred on the European <www.progenexfit.com> website cannot arise out of or relate to any alleged contacts by Fitness Trade with the forum state. With regards to its contract claims, CrossFit has also failed to establish that Fitness Trade was a party to any contract by which it purposefully availed itself of California law. Consequently, CrossFit has not shown any jurisdictionally significant contacts with California from which

its claims could arise out of. As to the third prong, exercising jurisdiction over two Polish entities would be unreasonable given the defendants' limited contacts with the forum, the burden on Fitness Trade to defend in the forum, potential conflicts with Poland's sovereignty and its potential as an alternative forum. *Id.* Although CrossFit has an interest in adjudicating its claims in its chosen forum, the Court finds that the balance of factors weighs against finding that the exercise of jurisdiction would be reasonable in this case.

Accordingly, the Court finds that CrossFit has not met its burden of demonstrating that the Fitness Trade Defendants are subject to personal jurisdiction in California under Federal Rule of Civil Procedure 4(k)(1)(A).

### C. Specific Personal Jurisdiction Under Federal Rule of Civil Procedure 4(k)(2)

In the alternative, CrossFit contends that this Court may exercise personal jurisdiction over the Fitness Trade Defendants pursuant to Federal Rule of Civil Procedure 4(k)(2), known as the federal long-arm statute. Rule 4(k)(2) "permits federal courts to exercise personal jurisdiction over a defendant that lacks contacts with any single state if the complaint alleges federal claims and the defendant maintains sufficient contacts with the United States as a whole." *Getz v. Boeing Co.*, 654 F.3d 852, 858 (9th Cir. 2011). Rule 4(k)(2) requires that (1) the claim arise under federal law, (2) the defendant not be subject to the personal jurisdiction of any state court of general jurisdiction, and (3) the federal court's exercise of personal jurisdiction comport with due process. *Holland*, 485 F.3d at 461.

Here, CrossFit's remaining claims fail to satisfy the first and third prongs of Rule 4(k)(2). First, CrossFit's claims against the Fitness Trade Defendants are brought under United Kingdom common law (for "passing off") and California state law (for breach of contract and breach of implied covenant of good faith and fair dealing), none of which "arise under federal law" as required by Rule 4(k)(2). The second prong is met, as the Fitness Trade Defendants have not conceded that they are subject to jurisdiction in another state, which this circuit has held to be adequate to satisfy Rule 4(k)(2). *Id.* at 462.

The third prong, the due process analysis, is "nearly identical" to the traditional personal jurisdiction analysis under Rule 4(k)(1)(A), "with one significant difference: rather than considering contacts between [the defendant] and the forum state, we consider contacts with the nation as a whole." *Id.* CrossFit again fails to show that the Fitness Trade Defendants had jurisdictionally significant contacts with the relevant forum, here the United States. Just as it did in its other case against the Fitness Trade Defendants before this Court, CrossFit argues here that Fitness Trade's contacts with the United States include its importation of products from the U.S. and its effect on U.S. citizens who accessed its allegedly infringing marketing content online. *CrossFit, Inc. v. Paleoethics, Inc.*, Doc. No. 74, No. 18-CV-2903-CAB-BLM, at *17-19 (S.D. Cal. Nov. 2, 2020). The Court again finds that CrossFit's claims against Fitness Trade do not arise out of or relate to Fitness Trade's importation activities, and that CrossFit has failed to present any evidence that Fitness Trade purposefully directed its activities at U.S. citizens by operation of its European <www.progenexfit.com> website. CrossFit also argues that Fitness Trade's contacts with the United States include its contacts "with Utah resident Matrix" and its "references to other United States (non-California) resident celebrity athletes." [Doc. No. 67 at p. 29.] These alleged contacts between Fitness Trade and a few individuals located in the United States are far too insignificant to invoke nationwide jurisdiction. *See Holland*, 485 F.3d at 462 ("The few cases in which our sister circuits have concluded that Rule 4(k)(2) conferred jurisdiction have involved defendants with much more extensive contacts to this country.").

The Court finds that CrossFit has not met its burden of establishing that the Fitness Trade Defendants have sufficient contacts with the United States as a whole to be subject to personal jurisdiction under Rule 4(k)(2). CrossFit's claims against the Fitness Trade Defendants do not arise under federal law, and exercising personal jurisdiction over Fitness Trade would not comport with due process considerations. Accordingly, the Court rejects CrossFit's contention that it has personal jurisdiction over the Fitness Trade Defendants pursuant to Rule 4(k)(2).

### IV. Motion for Jurisdictional Discovery

CrossFit separately moves for discovery concerning the existence of personal jurisdiction over the Fitness Trade Defendants. "[T]he question of whether to allow discovery is generally within the discretion of the trial judge." *Am. W. Airlines, Inc. v. GPA Grp., Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989). A decision "to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (internal citations omitted). While "purely speculative allegations of attenuated jurisdictional contacts" are insufficient to warrant jurisdictional discovery, *Getz*, 654 F.3d at 860, "discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub*, 342 F.3d at 1093 (citing *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir.1986); *Boschetto*, 539 F.3d at 1020).

CrossFit's request for discovery concerning personal jurisdiction merely underscores how its allegations of personal jurisdiction border on frivolous. The sum total of the allegations against the Fitness Trade Defendants are that they are Polish entities who infringed CrossFit's trademarks in Europe under United Kingdom law, and that they may have relationships with other entities who also infringed CrossFit's trademarks and breached contracts with CrossFit. Assuming the truth of these allegations, they do not support personal jurisdiction over the Fitness Trade Defendants, so discovery of evidence to support them will not help the Court. Further, the Court declines to allow CrossFit the opportunity to engage in discovery as a fishing expedition for a new theory of personal jurisdiction over the Fitness Trade Defendants. Accordingly, Plaintiff's request for jurisdictional discovery is **DENIED.**

/ / /
/ / /
/ / /
/ / /

## V. Conclusion

For the reasons set forth above, it is hereby **ORDERED** that the Fitness Trade Defendants' motion to dismiss for lack of personal jurisdiction is **GRANTED** without prejudice to CrossFit pursuing its claims in a jurisdiction where the Fitness Trade Defendants are subject to personal jurisdiction. The Clerk of Court will **CLOSE** this case.

It is **SO ORDERED**.

Dated: November 4, 2020

Hon. Cathy Ann Bencivengo
United States District Judge